IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES HARDIE BUILDING PRODUCTS, ) <br> INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 3:18-cv-00447 <br><br> JUDGE MCCALLA <br><br> JURY DEMAND |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
REQUEST FOR EXPEDITED DEADLINES**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Louisiana-Pacific Corporation ("LP") respectfully requests that the Court enter a preliminary injunction against Defendant James Hardie Building Products, Inc. ("Defendant") and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, to enjoin certain unlawful and false and/or misleading representations regarding LP's strand-based engineered wood products and/or Defendant's products. Specifically, LP seeks an injunction enjoining Defendant from the following actions in the context of Defendant's "No Wood Is Good" advertising campaign: (1) using the photoshopped image and video of a woodpecker; (2) stating or suggesting that "Pests Love It" including but not limited to

termites; and (3) using the image of siding under the caption "Soaks Up Trouble."[1] LP and Defendant are direct competitors and compete for market share in the manufactured siding industry. LP offers strand-based engineered wood siding products under the SmartSide® brand. Defendant routinely and consistently refers to LP's strand-based engineered wood siding products as oriented strand board (commonly called "OSB") even though there are significant differences between the SmartSide® siding products and common OSB. Defendant offers fiber cement siding under the James Hardie or JH brand.

Defendant recently began an advertising campaign under the tagline "No Wood Is Good" that directly and unabashedly attacks LP's strand-based engineered wood siding products. In the campaign that has a website located at www.nowoodisgood.com, online advertisements, and paper marketing materials, Defendant displays the following woodpecker still image or video that has been artificially contrived (i.e. the woodpecker image and video were layered on top of an existing image or video):



---

[1] The three false and/or misleading representations in this Motion are not the full extent of the false and/or misleading representations identified in the Complaint (Dkt. 1). By filing this Motion, LP is not waiving its requested relief pertaining to all false and/or misleading representations identified in the Complaint and any that may be discovered in the course of the litigation. All rights and remedies thereto are expressly reserved.

Directly above the image, Defendant makes a statement regarding the susceptibility of LP's strand-based engineered wood siding products to termite damage even though LP's strand-based engineered wood siding products have been extensively and publicly tested against the world's toughest termites for sustained periods of time without damage. On the website located at www.nowoodisgood.com, Defendant also displays the following picture of bowed siding under the caption "Soaks Up Trouble":



Although the image and representation are intended as an attack on LP's strand-based engineered wood siding products, the siding in the picture is not in fact LP's strand-based engineered wood siding products. The image also has a disclaimer in small print near the bottom of the webpage that acknowledges that "improper installation may have been a contributing factor."

The foregoing representations' false and/or deceptively misleading images and statements make literally false and/or deceptively misleading statements in advertising and promoting Defendant's siding that constitute (a) false advertising in violations of Section 43 of the Trademark Act of 1946 (also known as the Lanham Act), as amended, 15 U.S.C. § 1125; (b) unfair competition under Tennessee law; (c) violations of the Tennessee Consumer Protection Act, Tenn. Code Ann.

§ 47-18-1041 et seq.; and (d) tortious interference under Tennessee law. Defendant's advertisements go beyond mere suggestions and implications and make blatantly false claims about LP's products. Defendant's actions are deliberate, continuous, and designed to tarnish the goodwill of LP among its current and prospective customers.

LP seeks injunctive relief to stop Defendant's improper conduct from resulting in further harm. LP has sent Defendant a letter, asking them to cease and desist this activity with an unserved copy of the Complaint. Defendant refused to remove the offending statements. LP then served the Complaint and again requested Defendant remove the offending statements. Even after admitting that the woodpecker image and video have been faked, Defendant refuses to take it down and, instead, has doubled-down by using the woodpecker advertising with more frequency. But for the Court granting this Motion, Defendant's conduct will continue unabated.

LP seeks an injunction to restore the status quo – namely, the time prior to Defendant's false and deceptively misleading statements. All of the factors to be considered for granting preliminary injunctive relief are met here. LP has a strong likelihood of success on the merits of its claims for Lanham Act violations, Tennessee Consumer Protection Act violations, common law unfair competition, and common law tortious interference with prospective business relations. LP will be irreparably harmed if an injunction is not granted. The relative balance of harms weighs heavily in LP's favor because LP is not seeking to stop Defendant's from selling products or advertising generally. LP only seeks to enjoin certain limited statements and related images. Finally, Defendant's false and/or deceptively misleading statements cause harm to the public. Homeowners and business people, who do not have the expertise in this area, often have no choice but to believe Defendant's advertising, and they have been or are likely to be deceived by these

false and/or misleading statements. Thus, the interests of the public demand an injunction of these deceptive practices as well.

Attached hereto as *Exhibit A* is a true and correct copy of Defendant's response to LP's Cease and Desist. LP has filed simultaneously herewith the Declaration of Lance Olson, a Memorandum in Support of the Motion, and a proposed order.

WHEREFORE, for the reasons set forth herein and in the Memorandum, LP respectfully requests that the Court grant LP the following relief, as also set forth in the Proposed Order filed herewith:

1. The Court set expedited deadlines for Defendant to respond to this Motion;

2. Entry of a preliminary injunction that Defendant and its officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily enjoined from

   a. Using the woodpecker in the images and video of the "No Wood Is Good" advertising campaign or any similar advertisements or marketing materials;

   b. Representing, directly or indirectly, that LP's strand-based engineered wood siding products are susceptible to termite damage or other pest damage that is otherwise deterred by LP's zinc borate-based process; and

   c. Using the image of siding under the "Soaks Up Trouble" caption on www.nowoodisgood.com in the "No Wood Is Good" advertising campaign or any similar advertisements or marketing materials.

3. Upon entry of such an Order, Defendants be required to file with this Court and serve on LP within five (5) calendar days after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the Order;

4. The requirement of a bond to enforce the preliminary injunction for the pendency of this lawsuit be waived; and

5. Such other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (TN BPR #22936)
Nicholas R. Valenti (TN BPR #35420)
Bahou Miller PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988-9011
Email: SamMiller@bahoumiller.com
NValenti@bahoumiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of June 2018, a copy of the foregoing was served on counsel of record listed below via email and U.S. Mail:

Maia T. Woodhouse
Adams & Reese LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
maia.woodhouse@arlaw.com

/s/ Samuel F. Miller