## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **LOUISIANA-PACIFIC CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:18-cv-00447** |
| | ) | |
| **JAMES HARDIE BUILDING PRODUCTS,** | ) | **JUDGE MCCALLA** |
| **INC.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.01, Plaintiff Louisiana-Pacific Corporation ("LP") respectfully moves this Court to immediately restrain and enjoin Defendant James Hardie Building Products, Inc. ("Defendant") and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, from certain unlawful and false and/or misleading representations regarding LP's strand-based engineered wood products and/or Defendant's products. Defendant recently began an advertising campaign under the tagline "No Wood Is Good" that directly and unabashedly attacks LP's strand-based engineered wood siding products. LP recently filed a Motion for Preliminary Injunction regarding Defendant's misleading ad campaign but subsequently become aware that Defendant is currently using printed versions of the ad campaign in the "Parade of Homes" home builders events in Madison, Wisconsin. The event runs from June 9-24 and reaches tens of thousands of existing and potential customers, and LP has observed Defendant hosting multiple stations at the event where it is propagating its false and misleading

advertisements to attendees. Accordingly, LP now seeks, in addition to the relief requested in the pending motion for preliminary injunction, a restraining order and preliminary injunction against Defendant's false and misleading ad campaign at that event.

Specifically, LP seeks a temporary restraining order and preliminary injunction enjoining Defendant from the following actions in the context of Defendant's "No Wood Is Good" advertising campaign at the Parade of Homes event: (1) using the photoshopped image of a woodpecker; (2) stating or suggesting that "Pests Love It" including but not limited to termites; and (3) using the image of siding under the caption "Soaks Up Trouble."[1] LP and Defendant are direct competitors and compete for market share in the manufactured siding industry. LP offers strand-based engineered wood siding products under the SmartSide® brand. Defendant routinely and consistently refers to LP's strand-based engineered wood siding products as oriented strand board (commonly called "OSB") even though there are significant differences between the SmartSide® siding products and common OSB. Defendant offers fiber cement siding under the James Hardie or JH brand.

In the offending ad campaign, that has a website located at www.nowoodisgood.com, online advertisements, and paper marketing materials, Defendant displays the following woodpecker still image or video that has been artificially contrived (i.e. the woodpecker image and video were layered on top of an existing image or video):

---

[1] The three false and/or misleading representations in this Motion are not the full extent of the false and/or misleading representations identified in the Complaint (Dkt. 1). By filing this Motion, LP is not waiving its requested relief pertaining to all false and/or misleading representations identified in the Complaint and any that may be discovered in the course of the litigation. All rights and remedies thereto are expressly reserved.



Directly above the image, Defendant makes a statement regarding the susceptibility of LP's strand-based engineered wood siding products to termite damage even though LP's strand-based engineered wood siding products have been extensively and publicly tested against the world's toughest termites for sustained periods of time without damage. Defendant is displaying the same false and/or misleading image and text in advertising materials at the Parade of Homes event. On the website located at www.nowoodisgood.com, Defendant also displays the following picture of bowed siding under the caption "Soaks Up Trouble":



Although the image and representation are intended as an attack on LP's strand-based engineered wood siding products, the siding in the picture is not in fact LP's strand-based engineered wood siding products. Defendant has admitted that this is not strand -based engineered wood, even though its own disclaimer identifies it as "engineered wood". The image also has a disclaimer in small print near the bottom of the webpage that acknowledges that "*Representation of engineered wood* buckling; improper installation may have been a contributing factor." (emphasis added).

Defendant is displaying the same false and/or misleading image and text in advertising material at the Parade of Homes event.

The foregoing representations' false and/or deceptively misleading images and statements make literally false and/or deceptively misleading statements in advertising and promoting Defendant's siding that constitute (a) false advertising in violations of Section 43 of the Trademark Act of 1946 (also known as the Lanham Act), as amended, 15 U.S.C. § 1125; (b) unfair competition under Tennessee law; (c) violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-1041 et seq.; and (d) tortious interference under Tennessee law. Defendant's advertisements go beyond mere suggestions and implications and make blatantly false claims about LP's products. Defendant's actions are deliberate, continuous, and designed to tarnish the goodwill of LP among its current and prospective customers.

LP seeks a temporary restraining order and preliminary injunction from this Court to stop Defendant's improper conduct at the Parade of Homes to prevent further irreparable harm to LP. LP sent Defendant a letter, asking them to cease and desist this activity with an unserved copy of the Complaint. LP filed a Complaint in this case. Defendant refused to remove the offending statements. LP then served the Complaint and again requested Defendant remove the offending statements. LP has already moved for a preliminary injunction to enjoin the unlawful activity generally. Even after admitting that the woodpecker image and video have been faked, Defendant refuses to take it down and, instead, has doubled-down by using the woodpecker advertising with more frequency, including at the Parade of Homes. But for the Court granting this Motion and LP's other Motion for Preliminary Injunction, Defendant's conduct will continue unabated.

LP seeks a restraining order and an injunction to restore the status quo – namely, the time prior to Defendant's false and deceptively misleading statements. All of the factors to be

considered for granting a temporary restraining order and/or preliminary injunctive relief are met here. LP has a strong likelihood of success on the merits of its claims for Lanham Act violations, Tennessee Consumer Protection Act violations, common law unfair competition, and common law tortious interference with prospective business relations. LP will be irreparably harmed if an injunction is not granted. The relative balance of harms weighs heavily in LP's favor because LP is not seeking to stop Defendant's from selling products or advertising generally. LP only seeks to enjoin certain limited statements and related images. Finally, Defendant's false and/or deceptively misleading statements cause harm to the public. Homeowners and business people, who do not have the expertise in this area, often have no choice but to believe Defendant's advertising, and they have been or are likely to be deceived by these false and/or misleading statements. Thus, the interests of the public demand an injunction of these deceptive practices as well.

Given that the factors weigh in favor of a temporary restraining order, and in light of the imminent and irreversible damage that Defendant has shown through its recent actions it will continue to pursue, LP respectfully requests an immediate temporary restraining order that bars Defendant from displaying, broadcasting, or otherwise disseminating its false and/or misleading advertising at the Parade of Homes. Such order directly preserves as much as can be preserved of the status quo and preserves LP's rights to stop unlawful conduct of Defendant, which seeks to misinform consumers at the expense of LP and for their own benefit. Because the balance of factors weighs in LP's favor, LP respectfully requests that the requirement of a bond be waived.

LP has filed simultaneously herewith a Memorandum in Support of the Motion and attached hereto the Declaration of Angie Kieta and a proposed order. In light of the dire consequences suffered by LP as a result of Defendant's actions, LP respectfully requests an expedited hearing on their Motion for a Temporary Restraining Order to be set for June 13, 2018

or at the Court' earliest convenience. LP further requests that the preliminary injunction hearing on this Motion be combined with the evidentiary hearing on its other pending motion for preliminary injunction. LP also requests leave to file a supplemental brief in support of its request for preliminary injunction upon entry of a temporary restraining order.

WHEREFORE, for the reasons set forth herein and in the Memorandum, LP respectfully requests that the Court grant LP the following relief, as also set forth in the Proposed Order filed herewith:

1.     The Court set a date for a temporary restraining order hearing on June 13, 2018 or at the Court's earliest convenience, which is estimated to last no longer than one (1) hour;

2.     Entry of a temporary restraining order that Defendant, its officers, agents, servants, employees, attorneys, and anyone in active concert with, aiding, assisting, and/or enabling Defendant from

      a.    Using the woodpecker in the images and/or video in any advertisement at the Parade of Homes or any similar advertisements or marketing materials;

      b.    Representing, directly or indirectly, at the Parade of Homes that LP's strand-based engineered wood siding products are susceptible to termite damage or other pest damage that is otherwise deterred by LP's zinc borate-based process; and

      c.    Using the image of siding under the "Soaks Up Trouble" caption or any similar advertisements or marketing materials at the Parade of Homes.

3.     Upon entry of such an Order, Defendant be required to file with this Court and serve on LP within twenty-four (24) hours after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the Order;

4. The Court order that the preliminary injunction hearing on the Motion be combined with the hearing on the other pending motions for preliminary injunction;

5. The Court grant leave for LP to file a supplemental memorandum in further support of its request for preliminary injunction upon entry of a temporary restraining order;

6. The Court set expedited deadlines for Defendant to respond to this Motion;

7. Entry of a preliminary injunction that Defendant and its officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily enjoined from

    d. Using the woodpecker in the images and/or in any advertisement at the Parade of Homes or any similar advertisements or marketing materials;

    e. Representing, directly or indirectly, at the Parade of Homes that LP's strand-based engineered wood siding products are susceptible to termite damage or other pest damage that is otherwise deterred by LP's zinc borate-based process; and

    f. Using the image of siding under the "Soaks Up Trouble" caption or any similar advertisements or marketing materials at the Parade of Homes.

8. Upon entry of such an Order, Defendants be required to file with this Court and serve on LP within five (5) calendar days after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the Order;

9. The requirement of a bond to enforce the preliminary injunction for the pendency of this lawsuit be waived; and

10. Such other relief that the Court deems just and proper.

**COUNSEL FOR PLAINTIFF HAND-DELIVERED A COPY OF THIS MOTION TO MAIA T. WOODHOUSE OF THE LAW FIRM ADAMS AND REESE LLP ON JUNE 13, 2018. MS. WOODHOUSE INDICATED TO PLAINTIFF'S COUNSEL THAT SHE IS REPRESENTING DEFENDANT IN THIS ACTION.**

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (TN BPR #22936)
Nicholas R. Valenti (TN BPR #35420)
Bahou Miller PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988-9011
Email: SamMiller@bahoumiller.com
NValenti@bahoumiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of June 2018, a copy of the foregoing was served on counsel of record listed below via email and U.S. Mail:

Maia T. Woodhouse
Adams & Reese LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
maia.woodhouse@arlaw.com

/s/ Samuel F. Miller
Samuel F. Miller