# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES HARDIE BUILDING PRODUCTS, ) <br> INC., ) <br> ) <br>    Defendant. ) <br> ) <br> and ) <br> ) <br> JAMES HARDIE BUILDING PRODUCTS, ) <br> INC., ) <br> ) <br>    Counter-Plaintiff/Third-Party ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOUISIANA-PACIFIC CORPORATION, ) <br> and THE KRUSE BROTHERS, INC., ) <br> ) <br>    Counter-Defendant and Third-Party ) <br>    Defendant. ) | CIVIL ACTION NO. 3:18-cv-00447 <br><br> JUDGE MCCALLA <br><br> JURY DEMAND |

**PLAINTIFF LOUISIANA-PACIFIC CORPORATION'S ANSWER
TO DEFENDANT JAMES HARDIE BUILDING PRODUTS, INC.'S
COUNTERCLAIMS AND THIRD PARTY COMPLAINT**

Plaintiff/Counter-Defendant Louisiana-Pacific Corporation ("LP") submits its Answer in response to the allegations and claims contained in Defendant/Counter-Plaintiff James Hardie Building Products, Inc.'s ("Hardie" or "Counter-Plaintiff") Answer to Complaint and Counterclaims against Louisiana-Pacific Corporation and Third Party Complaint against The Kruse Brothers, Inc. ("Kruse") (the "Counterclaims") (Dkt. 28) and states as follows:

# RESPONSES TO SPECIFIC ALLEGATIONS
# CONTAINED IN THE COMPLAINT

1. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

2. LP admits the allegations contained in paragraph 2 of the Counterclaims.

3. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

4. LP does not dispute that Counter-Plaintiff purports to assert claims against it and/or Kruse for unfair competition and false advertising in violation of 15 U.S.C. § 1125; violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; unfair competition and tortious interference with existing and prospective business relationships under Tennessee common law; and for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 28 2201 *et seq.*. LP denies that Counter-Plaintiff is entitled to any relief whatsoever. LP denies the remainder of the allegations contained in paragraph 4 of the Counterclaims.

5. LP does not dispute that this Court has subject matter jurisdiction over Counter-Plaintiff's counterclaims. The remainder of the allegations contained in paragraph 5 are directed at a party other than LP and, thus, require no response. LP denies that Counter-Plaintiff is entitled to any relief whatsoever. LP denies the remainder of the allegations contained in paragraph 5 of the Counterclaims.

6. LP does not dispute that this Court has subject matter jurisdiction over Counter-Plaintiff's counterclaims. The remainder of the allegations contained in paragraph 6 are directed to a party other than LP and, thus, require no response. LP denies that Counter-Plaintiff is entitled

2

Case 3:18-cv-00447   Document 51   Filed 07/05/18   Page 2 of 18 PageID #: 769

to any relief whatsoever. LP denies the remainder of the allegations contained in paragraph 6 of the Counterclaims.

7. LP does not dispute that this Court has subject matter jurisdiction over Counter-Plaintiff's counterclaims. The remainder of the allegations contained in paragraph 7 are directed to a party other than LP and, thus, require no response. LP denies that Counter-Plaintiff is entitled to any relief whatsoever. LP denies the remainder of the allegations contained in paragraph 7 of the Counterclaims.

8. LP does not dispute that this Court has personal jurisdiction over LP. LP denies that Counter-Plaintiff is entitled to any relief whatsoever.

9. LP admits that it maintains its principal place of business in this District. LP admits that it has a business relationship and entered into an agreement with Kruse. To the extent any remaining allegations in paragraph 9 of the Counterclaims are directed at LP, LP denies the allegations. To the extent any remaining allegations in paragraph 9 of the Counterclaims are directed at Kruse, no response is required from LP. Nonetheless, LP denies that Counter-Plaintiff is entitled to any relief whatsoever.

10. LP does not dispute that this Court has personal jurisdiction over LP. LP admits that it maintains its principal place of business in this District. LP admits that it has transacted business in Tennessee and entered into contracts for services to be rendered or materials to be furnished in Tennessee. To the extent any remaining allegations in paragraph 10 of the Counterclaims are directed at LP, LP denies the allegations. To the extent any remaining allegations in paragraph 10 of the Counterclaims are directed at Kruse, no response is required from LP. Nonetheless, LP denies that Counter-Plaintiff is entitled to any relief whatsoever.

11. LP does not dispute that venue is proper in this district. Nonetheless, LP denies that Counter-Plaintiff is entitle not any relief whatsoever.

3

Case 3:18-cv-00447   Document 51   Filed 07/05/18   Page 3 of 18 PageID #: 770

12. LP denies the allegations contained in paragraph 12 of the Counterclaims.

13. LP admits that Counter-Plaintiff manufactures, advertises, and sells fiber cement siding and backerboard in the United States. LP lacks sufficient knowledge or information to form a belief as to the truth of truth of the remainder of the allegations contained in paragraph 13 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

14. LP lacks sufficient knowledge or information to form a belief as to the truth of truth of the allegations contained in paragraph 14 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

15. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

16. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims of the Counterclaims and, therefore, denies the allegations.

17. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaims and, therefore, denies the allegations.

18. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaims and, therefore, denies the allegations.

19. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaims and, therefore, denies the allegations.

20. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Counterclaims and, therefore, denies the allegations.

21. LP objects to the allegations contained in paragraph 21 of the Counterclaims as ambiguous due to inclusion of the phrase "relevant consumer," and on that basis, denies the

allegations. LP also lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 21 of the Counterclaims and, therefore, denies the allegations.

22. LP denies the allegations contained in paragraph 22 of the Counterclaims.

23. In response to the allegations contained in paragraph 23 of the Counterclaims, LP denies that Counter-Plaintiff's Fiber Cement Products are high performance, cost effective, or durable and/or offer a "lifetime value." LP lacks sufficient knowledge or information as to the remainder of the allegations contained in paragraph 23 of the Counterclaims and, therefore, denies the allegations.

24. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaims and, therefore, denies the allegations.

25. LP lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Counterclaims and, therefore, denies the allegations.

26. LP admits the allegations contained in paragraph 26 of the Counterclaims.

27. LP admits the allegations contained in paragraph 27 of the Counterclaims.

28. LP admits the allegations contained in paragraph 28 of the Counterclaims.

29. LP denies that it markets its SmartSide Products as alternatives to "James Hardie's Fiber Cement Products." LP admits that Counter-Plaintiff markets LP's SmartSide Products and James Hardie's Fiber Cement Products as alternatives. LP lacks sufficient information or belief as to the truth of remainder of the allegations contained in paragraph 29 of the Counterclaims and, therefore, denies the allegations.

30. LP admits the allegations contained in paragraph 30 of the Counterclaims.

31. The inclusion in paragraph 31 of the Counterclaims of the phrase "expertise of information and advertisements" renders the allegations therein ambiguous, and on that basis, LP

denies the allegations contained in paragraph 31 of the Counterclaims. LP also lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Counterclaims and, therefore, LP denies the allegations contained in paragraph 31 of the Counterclaims.

32. In response to the allegations contained in paragraph 32 of the Counterclaims, LP admits that it owns and operates the websites located at the domain names www.lpcorp.com, www.switchtolpsmartside.com, www.lpsmartside.com, and www.upsidetosmartside.com. LP refers to those websites for complete and accurate statements of their contents and denies any inconsistent allegations.

33. In response to the allegations contained in paragraph 33 of the Counterclaims, LP admits that it advertises and promotes its products on websites, through trade publications and training programs throughout the United States. LP denies the remainder of the allegations of paragraph 33 of the Counterclaims.

34. LP lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Counterclaims and, therefore, LP denies the allegations contained in paragraph 34 of the Counterclaims.

35. In response to the allegations contained in paragraph 35 of the Counterclaims, LP admits that it provides training seminars in the United States, including in Nashville, Tennessee. LP lacks sufficient knowledge or information to form a belief as to whether "[a] true and correct copy of screen shots and photographs form Steven Kruse's Facebook page are attached hereto as **Exhibit 2** and select photographs are depicted below" of the Counterclaims and, therefore, denies the allegation. LP denies the remainder of the allegations contained in paragraph 35 of the Counterclaims.

36. LP denies the allegations contained in paragraph 36 of the Counterclaims.

37. LP denies the allegations contained in paragraph 37 of the Counterclaims.

38. LP denies the allegations contained in paragraph 38 of the Counterclaims.

39. LP denies the allegations contained in paragraph 39 of the Counterclaims.

40. LP denies the allegations contained in paragraph 40 of the Counterclaims.

41. LP denies the allegations contained in paragraph 41 of the Counterclaims.

42. LP denies the allegations contained in paragraph 42 of the Counterclaims.

43. LP denies the allegations contained in paragraph 43 of the Counterclaims.

44. In response to the allegations contained in paragraph 44 of the Counterclaims, LP denies that it has made false and misleading advertising and promotional statements in communications to consumers and potential consumers of Fiber Cement Products and SmartSide Products. The documents cited in the allegations speak for themselves and LP denies any inconsistent allegations. LP lacks sufficient knowledge or information to form a belief as to purported oral statements made at purported in-person trainings conducted by Kruse of the Counterclaims and, therefore, denies the allegations. LP denies the remainder of the allegations contained in paragraph 44 of the Counterclaims.

45. LP denies the allegations contained in paragraph 45 of the Counterclaims.

46. In response to the allegations contained in paragraph 46 of the Counterclaims, LP denies that it has made false and misleading statements in advertising and promoting the SmartSide Products on its websites. The websites and articles identified in paragraph 46 speak for themselves and LP denies any inconsistent allegations. LP denies the remainder of the allegations contained in paragraph 46 of the Counterclaims.

47. LP denies the allegations contained in paragraph 47 of the Counterclaims.

48. In response to the allegations contained in paragraph 48 of the Counterclaims, LP denies that it has made false and misleading statements in connection with advertising and

promoting LP's SmartSide Products in videos posted on its YouTube Channel. LP refers to the videos identified in paragraph 48 of the Counterclaims for complete and accurate statements of their contents and denies any inconsistent allegations. LP denies the remainder of the allegations contained in paragraph 48 of the Counterclaims.

49. LP denies the allegations contained in paragraph 49 of the Counterclaims.

50. In response to the allegations contained in paragraph 50 of the Counterclaims, LP denies that it has made false and misleading statements in connection with advertising and promoting the SmartSide Products in advertising and promotional material. LP refers to the material identified in paragraph 50 for complete and accurate statements of their contents and denies any inconsistent allegations. LP denies the remainder of the allegations contained in paragraph 50 of the Counterclaims.

51. LP denies the allegations contained in paragraph 51 of the Counterclaims.

52. The allegations contained in paragraph 52 of the Counterclaims are directed at a party other than LP and, thus, require no response. Nonetheless, LP denies the allegations contained in paragraph 52 of the Counterclaims.

53. The allegations contained in paragraph 52 of the Counterclaims are directed at a party other than LP and, thus, require no response.

54. The allegations contained in paragraph 54 of the Counterclaims are directed at a party other than LP and, thus, require no response. Nonetheless, LP denies the allegations contained in paragraph 54 of the Counterclaims.

55. The allegations contained in paragraph 55 of the Counterclaims are directed at a party other than LP and, thus, require no response. Nonetheless, LP denies that Kruse is an agent of LP or acts or purports to act on behalf of LP. LP denies the remainder of the allegations contained in paragraph 55 of the Counterclaims.

56. LP denies the allegations contained in paragraph 56 of the Counterclaims.

57. LP denies the allegations contained in paragraph 57 of the Counterclaims.

58. LP denies the allegations contained in paragraph 58 of the Counterclaims.

59. LP admits the allegations contained in paragraph 59 of the Counterclaims.

60. In response to the allegations contained in paragraph 60 of the Counterclaims, LP admits that Counter-Plaintiff has denied LP's claims in its Complaint.

61. LP denies the allegations contained in paragraph 61 of the Counterclaims.

62. LP denies the allegations contained in paragraph 62 of the Counterclaims .

63. In response to the allegations contained in paragraph 63 of the Counterclaims, LP admits that Collins and Kaycan are manufacturers of engineered hardwood siding products. LP denies the remainder of the allegations contained in paragraph 63 of the Counterclaims.

64. LP denies the allegations contained in paragraph 64 of the Counterclaims.

65. In response to the allegations contained in paragraph 65 of the Counterclaims, LP refers to its Complaint for a complete and accurate statement of its contents and denies any inconsistent allegation(s).

66. LP denies the allegations contained in paragraph 64 of the Counterclaims.

67. In response to the allegations contained in paragraph 67 of the Counterclaims, LP refers to its Complaint for a complete and accurate statement of its contents and denies any inconsistent allegation(s).

68. LP denies the allegations contained in paragraph 68 of the Counterclaims.

69. In response to the allegations contained in paragraph 69 of the Counterclaims, LP refers to its Complaint for a complete and accurate statement of its contents and denies any inconsistent allegation(s).

70. LP denies the allegations contained in paragraph 70 of the Counterclaims.

71. In response to the allegations contained in paragraph 71 of the Counterclaims, LP refers to the Complaint for a complete and accurate statement of its contents and denies any inconsistent allegation(s).

72. LP denies the allegations contained in paragraph 72 of the Counterclaims.

73. In response to the allegations contained in paragraph 73 of the Counterclaims, LP refers to the Complaint for a complete and accurate statement of its contents and denies any inconsistent allegation.

74. LP denies the allegations contained in paragraph 74 of the Counterclaims.

75. LP denies the allegations contained in paragraph 75 of the Counterclaims.

76. In response to the allegations contained in paragraph 76 of the Counterclaims, LP hereby incorporates by reference each of the preceding responses as if incorporated herein in full.

77. LP admits the allegations contained in paragraph 77 of the Counterclaims.

78. In response to the allegations contained in paragraph 78 of the Counterclaims, LP denies that it wrongfully alleges false advertising, unfair competition, tortious interference, and violation of the Tennessee Consumer Protection Act. LP admits that a declaration by the Court in its favor is necessary and proper. LP denies the remainder of the allegations contained in paragraph 78 of the Counterclaims.

79. The allegations contained in paragraph 79 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 79 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

80. The allegations contained in paragraph 80 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained

in paragraph 80 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

81. The allegations contained in paragraph 81 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 81 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

82. The allegations contained in paragraph 82 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 82 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

83. The allegations contained in paragraph 83 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 83 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

84. The allegations contained in paragraph 84 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 84 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

85. The allegations contained in paragraph 85 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 85 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

86. The allegations contained in paragraph 86 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained

in paragraph 86 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

87. The allegations contained in paragraph 87 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 87 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

88. The allegations contained in paragraph 88 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 88 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

89. The allegations contained in paragraph 89 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 89 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

90. The allegations contained in paragraph 90 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 90 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

91. The allegations contained in paragraph 91 of the Counterclaims are merely requests for relief and, thus, require no response from LP. Nonetheless, LP denies the allegations contained in paragraph 91 of the Counterclaims and denies that Counter-Plaintiff is entitled to any relief whatsoever.

92. LP denies the allegations contained in paragraph 92 of the Counterclaims.

93. In response to the allegations contained in paragraph 93 of the Counterclaims, LP hereby incorporates by reference each of the preceding responses as if incorporated herein in full.

94. LP denies the allegations contained in paragraph 94 of the Counterclaims.

95. LP denies the allegations contained in paragraph 95 of the Counterclaims.

96. LP admits the allegations contained in paragraph 96 of the Counterclaims.

97. To the extent that the allegations contained in paragraph 97 of the Counterclaims are directed at LP, LP admits the allegations. To the extent that the allegations contained in paragraph 97 of the Counterclaims are directed at a party other than LP, they require no response from LP.

98. LP denies the allegations contained in paragraph 98 of the Counterclaims.

99. LP denies the allegations contained in paragraph 99 of the Counterclaims.

100. The inclusion in paragraph 100 of the Counterclaims of the phrase "expertise of information and advertisements" renders the allegations therein ambiguous, and on that basis, LP denies the allegations. Subject to the General Objections and the foregoing objection, LP admits the allegations contained in paragraph 100 of the Counterclaims.

101. LP denies the allegations contained in paragraph 101 of the Counterclaims.

102. LP denies the allegations contained in paragraph 102 of the Counterclaims.

103. The inclusion in paragraph 103 of the Counterclaims of the phrase "expertise of information and advertisements" renders the allegations therein ambiguous, and on that basis, LP denies the allegations. Subject to the General Objections and the foregoing objection, LP admits the allegations contained in paragraph 100 of the Counterclaims.

104. LP denies the allegations contained in paragraph 104 of the Counterclaims.

105. LP denies the allegations contained in paragraph 105 of the Counterclaims.

106. LP denies the allegations contained in paragraph 106 of the Counterclaims.

107. LP denies the allegations contained in paragraph 107 of the Counterclaims.

108. LP denies the allegations contained in paragraph 108 of the Counterclaims.

109. LP denies the allegations contained in paragraph 109 of the Counterclaims.

110. LP denies the allegations contained in paragraph 110 of the Counterclaims.

111. LP denies the allegations contained in paragraph 111 of the Counterclaims.

112. In response to the allegations contained in of the Counterclaims, LP denies that it has caused Counter-Plaintiff damages. The remainder of paragraph 112 of the Counterclaims is merely a request for relief that requires no response from LP. Nonetheless, LP denies the allegations contained in paragraph 112 of the Counterclaims and that Counter-Plaintiff is entitled to any relief whatsoever.

113. LP denies the allegations contained in paragraph 113 of the Counterclaims.

114. LP denies the allegations contained in paragraph 114 of the Counterclaims.

115. LP denies the allegations contained in paragraph 115 of the Counterclaims.

116. In response to the allegations contained in paragraph 116 of the Counterclaims, LP hereby incorporates by reference each of the preceding responses as if incorporated herein in full.

117. The allegations contained in paragraph 117 of the Counterclaims are legal conclusion that require no response from LP. Nonetheless, LP denies that its ordinary sale of and offers for sale of LP's SmartSide Products meet the definition of "goods" and constitute "trade," "commerce," and a "consumer transaction," as defined in Tenn. Code Ann. § 47-18-103(7) and (19). LP further denies that Counter-Plaintiff can be or is entitled to any relief under the Tennessee Consumer Protection Act. To the extent the allegations contained in paragraph 117 of the Counterclaims are directed at a party other than LP, they require no response from LP. LP denies the remainder of the allegations contained in paragraph 117 of the Counterclaims.

118. LP denies the allegations contained in paragraph 118 of the Counterclaims.

119. LP denies the allegations contained in paragraph 119 of the Counterclaims.

120. LP denies the allegations contained in paragraph 120 of the Counterclaims.

121. LP denies the allegations contained in paragraph 121 of the Counterclaims.

122. LP denies the allegations contained in paragraph 122 of the Counterclaims.

123. LP denies the allegations contained in paragraph 123 of the Counterclaims.

124. The inclusion in paragraph 124 of the Counterclaims of the phrase "acts" renders the allegations therein ambiguous, and on that basis, LP denies the allegations.

125. LP denies the allegations contained in paragraph 125 of the Counterclaims.

126. LP denies the allegations contained in paragraph 126 of the Counterclaims.

127. LP denies the allegations contained in paragraph 127 of the Counterclaims.

128. LP denies the allegations contained in paragraph 128 of the Counterclaims.

129. In response to the allegations contained in paragraph 129 of the Counterclaims, LP hereby incorporates by reference each of the preceding responses as if incorporated herein in full.

130. LP denies the allegations contained in paragraph 130 of the Counterclaims.

131. LP denies the allegations contained in paragraph 131 of the Counterclaims.

132. LP denies the allegations contained in paragraph 132 of the Counterclaims.

133. LP denies the allegations contained in paragraph 133 of the Counterclaims.

134. LP denies the allegations contained in paragraph 134 of the Counterclaims.

135. LP denies the allegations contained in paragraph 135 of the Counterclaims.

136. LP denies that Counter-Plaintiff is entitled to any relief whatsoever.

137. Any allegation of the Counterclaims not expressly admitted above is hereby expressly denied.

## ADDITIONAL DEFENSES

The burden of proof with respect to any of the defenses and issues listed below are as provided by United States statutes and case law. Listing the defenses below as "Affirmative Defenses" is not intended and should not be construed to shift the burden of proof to LP with respect to any issue for which Counter-Plaintiff carries the burden of proof. LP reserves the right to amend its Answer to additional Affirmative Defenses consistent with the facts discovered in this case. LP asserts the following additional defenses:

1. Counter-Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Counter-Plaintiff's claims, separately and severally, are barred by the doctrine of waiver.

3. Counter-Plaintiff's claims, separately and severally, are barred by the doctrine of equitable estoppel.

4. Counter-Plaintiff's claims, separately and severally, are barred by the doctrine of laches.

5. Counter-Plaintiff's claims, separately and severally, are barred by the statute of limitations.

6. Counter-Plaintiff's claim for tortious interference with existing and prospective business relationships is barred by the defense of business competition and/or justification.

7. Counter-Plaintiff's requests for injunctive relief are barred by the doctrine of unclean hands.

8. Counter-Plaintiff is not entitled to injunctive relief, because Counter-Plaintiff will not be irreparably harmed by any of LP's conduct, at least as can be seen from Counter-Plaintiff's delay in bringing its claims.

## REQUEST FOR RELIEF

Wherefore, LP respectively requests the Court grant the following relief:

1. The Court deny all Counter-Plaintiff's counterclaims and third-party claims with prejudice;

2. The Court enter judgment in favor of LP and against Counter-Plaintiff as to all of LP's claims and Counter-Plaintiff's counterclaims;

3. The Court determine that this is an exceptional case under the Lanham Act and enter an award in favor of LP and against Counter-Plaintiff for LP's attorney fees, expenses, and costs;

4. The Court enter an award in favor of LP and against Counter-Plaintiff for LP's attorney fees, expenses, and costs under the Tennessee Consumer Protection Act;

5. Should the Court enter judgment against LP, the Court award no injunctive or monetary relief in favor of Counter-Plaintiff; and

6. The Court grant such other and further relief as may be just and proper.

## JURY DEMAND

LP demands a jury for all issues so triable.

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller (TN BPR #22936)
Nicholas R. Valenti (TN BPR #35420)
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988-9011
Email: SamMiller@bahoumiller.com
NValenti@bahoumiller.com

*ATTORNEYS FOR PLAINTIFF LOUISINA-PACIFIC CORPORATION*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of July 2018, a copy of the foregoing was served on counsel of record listed below via ECF:

Maia T. Woodhouse
Tony Swafford
Adams & Reese LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
maia.woodhouse@arlaw.com
tony.swafford@arlaw.com

/s/ Samuel F. Miller
Samuel F. Miller