**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE**

| | | |
|---|---|---|
| **LOUISIANA-PACIFIC CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:18-cv-00447** |
| **JAMES HARDIE BUILDING PRODUCTS, INC.,** | ) | **DISTRICT JUDGE McCALLA** **MAGISTRATE JUDGE HOLMES** |
| **Defendant.** | ) | |
| **and** | ) | |
| **JAMES HARDIE BUILDING PRODUCTS, INC.,** | ) | |
| **Counter-Plaintiff/Third-Party Plaintiff,** | ) | |
| **v.** | ) | |
| **LOUISIANA-PACIFIC CORPORATION and NHE, INC. d/b/a NEW HOME EXTERIORS,** | ) | |
| **Counter-Defendant/Third-Party Defendant.** | ) | |

**STIPULATED PROTECTIVE ORDER**[1]

---

**A. Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure. It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories;

[1] The Court's modifications to the parties' proposed protective order are delineated by striking deleted language and underlining added language.

answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Attorney Eyes Only Information – In-House Counsel" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**B. Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the producing party contends that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c), or other information required by law or agreement to be kept confidential; (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to information that is already in the knowledge or possession of the party to whom disclosure is made unless the party is already bound by agreement not to disclose such information, or information that has been (or in the future is) disclosed to the public or third persons in a manner making such information no longer confidential; and (c) the "Confidential Attorney Eyes Only – In-House Counsel" designation means that the

document is comprised of information that the producing party is willing to share with a limited number of in-house counsel for the opposing party but still deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to information that is already in the knowledge or possession of the party to whom disclosure is made unless the party is already bound by agreement not to disclose such information, or information that has been (or in the future is) disclosed to the public or third persons in a manner making such information no longer confidential. The parties' designation of documents or other media as containing Confidential Information or Confidential Attorney Eyes Only Information is not binding on the Court for purposes of any later motion to seal documents or portions of documents or other information.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorneys Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Confidential Attorneys Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY – IN-HOUSE COUNSEL -
INFORMATION SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel. If no such designation is made at the deposition or within this thirty (30) calendar day period, the entire deposition will be considered devoid of Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

If video or photographs are taken of any tangible object that is not otherwise publicly

known to be in the possession of a party, a party creating such video or photograph shall label it as Confidential Information at the time of production of the video or photograph. After consultation with counsel for the other party, either party may move the court to remove the Confidential Information designation.

Where electronically stored information is produced on a physical media and cannot be individually designated under this Order, the electronically stored information shall assume the designation of the physical media. Electronically stored information that is individually designated or that is bates numbered but not designated under this Order shall not assume the designated of the physical media.

**C. <u>Inadvertent Failure to Designate/Non-Waiver.</u>**

4. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

5. In accordance with Federal Rule of Evidence 502(d), and in order to further facilitate timely disclosure of documents which may contain information subject to a privilege or other legal doctrine, the parties agree:

a. If, in connection with the pending litigation, a party or a non-party subpoena recipient (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject

matter.

b. Attorneys for a party receiving Disclosed Protected Information (the "Receiving Party") will comply with Rule 4.4(b) of the Tennessee Rules of Professional Conduct by promptly notifying the Disclosing Party if any documents that appear to be privileged or protected by work product or other legal doctrine are produced, thus allowing the Disclosing Party to take any corrective steps that are reasonably necessary under the circumstances.

c. A Disclosing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within five business days of receipt of that writing, return or destroy all copies, electronic or otherwise, of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

d. Within ten business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

e. The Receiving Party may move for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed for in camera review and shall not assert as a ground for entering such an Order the fact or circumstances of the prior disclosure.

f. The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

g. If, at a hearing, at a deposition, or on a motion, a Disclosing Party marks for identification or offers into evidence Disclosed Protected Information — or proffers or elicits

testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

**D. Challenge to Designations.**

6. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. Except for Disclosed Protected Information that is subject to the procedures in Section 5 above, the producing party will have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after this ten (10) business day time-frame, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**E. Disclosure and Use of Confidential Information.**

7. Information designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information, Confidential

Attorney Eyes Only Information, or Confidential Attorney Eyes Only – In-House Counsel may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

8. Subject to paragraph 11 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) outside counsel for the receiving party; (c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) independent outside (*i.e.* not an employee, agent, or representative of a party to this lawsuit) experts or consultants; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) those individuals designated in paragraph 13.

9. Subject to paragraph 11 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) independent outside (*i.e.* not an employee, agent, or representative of a party to this lawsuit) experts or consultants experts or consultants; and (d) those individuals designated in paragraph 13.

10. Subject to paragraph 11 below, Confidential Attorney Eyes Only – In-House Counsel may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the

receiving party; (b) two (2) in-house counsel who are identified by the receiving party; (c) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) independent outside (*i.e.* not an employee, agent, or representative of a party to this lawsuit) experts or consultants experts or consultants; and (e) those individuals designated in paragraph 13.

11. Further, prior to disclosing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel to a receiving party's proposed expert, consultant, investigator or the receiving party must obtain a signed Confidentiality Agreement in the form attached as Exhibit A, from such expert, counsel, consultant, investigator or employee.

12. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Third-Party Vendor Confidentiality Agreement in the form attached as Exhibit B.

13. Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**F. Non Party Information.**

14. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**G. Filing Documents With the Court.**

15. To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall comply with Section 5.07 of the Administrative Practices and Procedures for Electronic Case Filing for the United States District Court for the Middle District of Tennessee [Administrative Order No. 167], and any other applicable rules and orders.

16. This Court applies the following standard for sealing documents in the record: "[t]he proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically by 'analyz[ing] in

detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v Federal Home Loan Mortgage Co.*, 658 Fed.App'x. 202, 207 (6th Cir. 2016) (quoting *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). A protective order in a case is insufficient cause for sealing a document. *Id*. Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

17. When a party files a document designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel with the Court, it will file an accompanying Motion to Seal. If the filing party is the party who designated the document as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel, it will argue compelling reasons why it should be sealed in that Motion. If the filing party is not the party who designated the document as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel, the Motion shall so state. The designating party will then have 14 days in which to file a response to the Motion to Seal setting out compelling reasons why the document or portions thereof should remain sealed. If any party opposes the seal, it may file a reply within 7 days after the motion or response advocating seal is filed. Alternatively, the party who designated the document as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel may file a notice with the Court that the

document may be unsealed. If no party argues in favor of a seal within this timeframe, the Court shall unseal the documents. All motions and accompanying memoranda and responsive filings shall be limited to 10 pages absent leave of Court.

18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel designated material or document contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; (e) prevent or waive a party's right to contest the applicable standard for sealing documents; or (f) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**H. Conclusion of Litigation.**

19. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only Information – In-House Counsel, and to certify to the

producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order

**I. Stipulation Regarding Scope of Privilege Logs**

20. It is hereby stipulated among the parties that, with regard to privilege logs, the parties are not required to include on their respective privilege logs any communication(s) that occurred on or after May 13, 2018 (i.e., the date Plaintiff filed its Original Complaint in this lawsuit) and meet the following criteria: (1) the communication is between or among (a) one or more parties to this lawsuit, (b) one or more persons employed by a party to this lawsuit at the time the communication was made, and (c) one or more in-house attorneys or staff members or attorneys or staff members from a law firm of record in this case; and (2) the communication does not involve any person or entity other than the persons and entities described in (1).

**J. Other Proceedings.**

21. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**K. Remedies.**

22. It is Ordered that this Protective Order may be enforced, in the discretion of the Court, by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be applicable under the Federal Rules of Civil Procedure and/or inherent power of the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

23. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

24. The parties agree to be bound by the terms herein both prior to and after entry of this Protective Order.

IT IS SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

Approved for entry by:

**MILLER LEGAL PARTNERS PLLC**

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Fifth Third Center — Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9011
Email: smiller@millerlegalpartners.com
       nvalenti@millerlegalpartners.com

*Attorneys for Plaintiff, Louisiana-Pacific Corporation*

**ADAMS AND REESE LLP**

/s/ Rocklan W. King III
Thomas Anthony Swafford, TN BPR No. 017578
Maia T. Woodhouse, TN BPR No. 030438
Rocklan W. King III, TN BPR No. 030643
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com
       maia.woodhouse@arlaw.com
       rocky.king@arlaw.com

*Counsel for James Hardie Building Products, Inc.*

16

Case 3:18-cv-00447 Document 54 Filed 07/05/18 Page 16 of 16 PageID #: 816