IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| LOUISIANA-PACIFIC CORPORATION, | ) | |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-cv-00447 |
| JAMES HARDIE BUILDING PRODUCTS INC., | ) | DISTRICT JUDGE JON P. McCALLA MAGISTRATE JUDGE BARBARA D. HOLMES |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) | JURY DEMAND |
| v. | ) | |
| THE KRUSE BROTHERS, INC., | ) | |
| Third-Party Defendant. | ) | |

---

**JAMES HARDIE BUILDING PRODUCTS INC.'S MOTION FOR PRELIMINARY INJUNCTION AGAINST LOUISIANA-PACIFIC CORPORATION AND THE KRUSE BROTHERS, INC.**

---

COMES NOW Defendant/Counter-Plaintiff/Third-Party Plaintiff James Hardie Building Products Inc. ("JHBP"), and, pursuant to Fed. R. Civ. P. 65, respectfully moves the Court to enter a preliminary injunction against Counter-Defendant Louisiana-Pacific Corporation ("LP") and Third-Party Defendant The Kruse Brothers, Inc. ("Kruse") (collectively, "Counter-Defendants"), and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, to enjoin them from making certain false and misleading statements that misrepresent the nature, characteristics, and quality of JHBP's Fiber Cement Products. Though JHBP seeks relief from several false and misleading statements in its Answer, Counterclaims, and Third Party Complaint against Counter-Defendants (ECF No. 28) (the "Counterclaims") and expressly reserves the right to pursue those

claims as this litigation progresses, JHBP seeks preliminary injunctive relief only with regard to specific categories of statements that are particularly damaging to JHBP and the greater public interest. Specifically, Counter-Defendants have made literally false and deceptively misleading representations of fact that:

1. The OSHA silica standard, 29 CFR § 1926.1153 *et seq.* ("OSHA Standard") "prohibits" certain equipment, dust control methods, or work practices when working with fiber cement products, including, but not limited to, the use of a standard circular saw when cutting fiber cement siding products;

2. The OSHA Standard "requires" that certain equipment, dust control methods, or work practices be implemented when working with fiber cement products, including, but not limited to, "special saws;" respirators; caution tape; and warnings to neighbors that a "potentially dangerous material" is being installed;

3. Continued use of fiber cement products will subject consumers to safety citations and risks under the OSHA Standard, including but not limited to, that REDACTED that OSHA has issued a significant number (100+) citations against siding contractors since enforcement of the OSHA Standard commenced; that siding contractors are at high risk of being fined by OSHA for violations of the OSHA Standard; and that "the easiest way to operate safely with silica dust is don't create it;" and

4. In light of the alleged "requirements" and "prohibitions" under the OSHA Standard, and the alleged citations issued against siding contractors in the enforcement of the OSHA Standard, LP's SmartSide siding products are easier or safer to install, as opposed to JHBP's products or fiber cement products generally, which are not.

Such statements constitute false advertising and unfair competition under the Lanham Act, 15 U.S.C § 1125; violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; and unfair competition and tortious interference with business relationships under Tennessee law.

This is not a case of two competitors engaging in a hard-fought, but fair, comparative advertising campaign in the marketplace. These are not truthful statements directed to demonstrated weaknesses of a competitor's product. These are intentional misrepresentations of

the text of the OSHA Standard, made with knowledge that the relevant consumers – professional siding contractors, builders, and installers – likely are not familiar with the regulations and rely upon LP and JHBP as leading manufacturers to provide accurate information. Counter-Defendants have taken advantage of this unfamiliarity to deceive consumers, exploiting their understandable concerns about safety violations and risks in furtherance of their intentional and predatory campaign to scare consumers into switching to LP. Counter-Defendants' false and misleading statements contain serious indictments of the safety of fiber cement products, sending the unambiguous message that selection of JHBP's products is a risk-ridden purchase that will inevitably result in safety violations and fines. An injunction is necessary and appropriate to protect the public from Counter-Defendants' false and misleading statements regarding the alleged safety, health, or regulatory risks associated with fiber cement siding products (including JHBP's products).

In support of this Motion, JHBP would show that all four factors considered on a motion for preliminary injunction weigh in favor of granting relief. First, JHBP has a strong likelihood of success on the merits of its claims. Counter-Defendants' statements about the purportedly "required" or "prohibited" acts are provably false based on the plain language of the OSHA Standard. Counter-Defendants' statements about the allegedly numerous OSHA citations issued to siding contractors under the new Standard are also false and misleading. Statistical data shows that, of the 209 citations issued since enforcement of the OSHA Standard began, <u>only three</u> were issued to siding contracts. And, contrary to Counter-Defendants' claims that LP's products are a safer substitute for JHBP's products under the OSHA Standard, LP's own literature shows that wood dust generated from LP's SmartSide products are a carcinogen subject to California's Proposition 65, requiring express product disclaimers and recommending similar

3

dust control methods as those Counter-Defendants now claim are too burdensome or difficult to implement under the OSHA Standard. Such statements were introduced into interstate commerce and are material to the relevant consumer's purchasing decision. As demonstrated by the supporting declarations filed herewith, Counter-Defendants' statements do not merely tend to deceive, but have <u>actually</u> deceived JHBP's consumers, prompting at least one to seek to end its relationship with JHBP. That customer, and likely many others of which JHBP is not aware, would have been lost but for JHBP's ability to correct LP's false statements. These harms will only multiply without an injunction. There is no clearer evidence of a causal link between Counter-Defendants' statements and harm to JHBP.

Given the strength of JHBP's case, and the demonstrated actual harm that has already occurred, JHBP will continue to suffer irreparable harm to its reputation, loss of goodwill, and loss of customers in the absence of an injunction. Conversely, Counter-Defendants will suffer no harm from engaging in truthful advertising and fair competition. Thus, the balance of harms weighs in favor of injunction. Finally, the public interest weighs in favor of granting an injunction. The public is served by preventing the dissemination of false and misleading advertising, particularly when safety standards and risks are implicated.

Because the balance of harms weighs heavily in JHBP's favor, JHBP respectfully requests that the Court order Counter-Defendants to issue corrective advertising to cure the harm already caused and continuing to be caused by their false and misleading statements. JHBP further respectfully requests the Court exercise its discretion and waive imposition of a bond.

JHBP has filed contemporaneously herewith a supporting memorandum of law, and supporting Declarations of Marcus Kuizenga, Adam King, Addison Garner, and Delwyn Kubeldis.

WHEREFORE, JHBP respectfully requests the Court grant this Motion and enter a preliminary injunction against Counter-Defendants, as set forth below:

1. The Court set a preliminary injunction hearing at the Court's convenience, which is estimated to last approximately two days;

2. The Court permit the parties to immediately commence expedited discovery related to the claims made in JHBP's Motion for Preliminary Injunction under its Order dated June 12, 2018 (ECF No. 16);[1]

3. The Court enter a briefing schedule setting forth deadlines for Counter-Defendants to respond to this Motion; to exchange expedited discovery; to disclose fact and expert witnesses; and to permit the exchange of expert reports, if any;

4. The Court enter a preliminary injunction that Counter-Defendants, and their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily restrained and enjoined from stating, representing, or implying orally or in writing (including, but not limited to, email communications, print advertisements, marketing materials, websites, blogs, social media) during the pendency of this lawsuit, that:

> a. The OSHA Standard prohibits certain equipment, dust control methods, or work practices when working with fiber cement products, including, but not limited, the use of a standard circular saw when cutting fiber cement siding products;
>
> b. The OSHA Standard requires that certain equipment, dust control methods, or work practices be implemented when working with fiber cement products, including, but not limited to, "special saws;" respirators; caution tape; and warnings to neighbors that a "potentially dangerous material" is being installed;

---

[1] Pursuant to ¶ 5 of the Court's Order (ECF No. 16), JHBP will confer in good faith with Counter-Defendants to determine whether an agreement can be reached regarding conducting expedited discovery related to the present Motion. Should an agreement not be reached, JHBP will file a motion for expedited discovery.

5

    c.    Continued use of fiber cement products will subject consumers to safety citations and risks under the OSHA Standard, including but not limited to, statements that [REDACTED] that OSHA has issued a significant number (100+) citations against siding contractors since enforcement of the OSHA Standard commenced; that siding contractors are at high risk of being fined by OSHA for violations of the OSHA Standard; and that "the easiest way to operate safely with silica dust is don't create it;" and

    d.    Statements that LP's SmartSide siding products are easier or safer to install, as opposed to JHBP's products or fiber cement products generally, which are not.

5. The Court enter a preliminary injunction that Counter-Defendants, and their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily restrained and enjoined from making or inducing others to make the false and/or misleading statements contained in paragraph 4 above, during the pendency of this lawsuit;

6. The Court enter a preliminary injunction that Counter-Defendants, their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily restrained and enjoined from committing any unfair business practices directed toward obtaining the business and/or customers of JHBP through making the false and/or misleading statements contained in paragraph 4 above; and from committing any other deceptive and/or unfair business practices directed toward devaluing or diminishing the goodwill and reputation associated with JHBP through making the false and/or misleading statements contained in paragraph 4 above, during the pendency of this lawsuit;

7. The Court enter a preliminary injunction that Counter-Defendants, their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be required to issue corrective advertising for the false and/or misleading

statements contained in paragraph 4 above, to reduce the effects of the literally false and/or impliedly false and/or misleading statements;

8. Upon entry of such an Order, Counter-Defendants be required to file with this Court and serve on JHBP within five (5) days after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which Counter-Defendants have complied with the Order;

9. The requirement of a bond to enforce the preliminary injunction for the pendency of this lawsuit be waived; and

10. Such other relief that the Court deems just and proper.

    Respectfully submitted,

    ADAMS AND REESE LLP

    /s/ Maia T. Woodhouse
    Thomas Anthony Swafford, TN BPR No. 017578
    Maia T. Woodhouse, TN BPR No. 030438
    Rocklan W. King III, TN BPR No. 030643
    Fifth Third Center
    424 Church Street, Suite 2700
    Nashville, Tennessee 37219
    Tel: (615) 259-1450
    Fax: (615) 259-1470
    Email: tony.swafford@arlaw.com
           maia.woodhouse@arlaw.com
           rocky.king@arlaw.com

    *Counsel for James Hardie Building Products Inc.*

7

Case 3:18-cv-00447 Document 58 Filed 07/12/18 Page 7 of 8 PageID #: 849

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of July 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail, postage prepaid, and/or hand delivery. Parties may access this filing through the Court's electronic filing system.

    Samuel F. Miller
    Nicholas R. Valenti
    Miller Legal Partners PLLC
    Fifth Third Center – Suite 2000
    424 Church Street
    Nashville, Tennessee 37219
    Email: smiller@millerlegalpartners.com
           nvalenti@millerlegalpartners.com

    Brian T. Boyd
    William M. Leech III
    Law Office of Brian T. Boyd
    750 Old Hickory Boulevard
    Building 2, Suite 150
    Brentwood, Tennessee 37027
    Email: brian@boydlegal.com
           will@boydlegal.com

                                /s/ Maia T. Woodhouse
                                Maia T. Woodhouse