IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) CIVIL ACTION NO. 3:18-cv-00447 |
| JAMES HARDIE BUILDING PRODUCTS, INC., | ) DISTRICT JUDGE JON P. McCALLA |
| | ) JURY DEMAND |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) |
| v. | ) |
| THE KRUSE BROTHERS, INC., | ) |
| Third-Party Defendant. | ) |

## DECLARATION OF ADAM KING IN SUPPORT OF JAMES HARDIE BUILDING PRODUCTS INC.'S MOTION FOR PRELIMINARY INJUNCTION AGAINST LOUISIANA-PACIFIC CORPORATION AND THE KRUSE BROTHERS, INC.

I, Adam King, declare as follows:

1. My name is Adam King and I have worked at James Hardie Building Products Inc. ("James Hardie") for approximately three years. I am the Territory Manager – Northeast Florida at James Hardie. I am over the age of 21 and am fully competent to testify regarding the facts set forth in this Declaration. I am familiar with the facts and circumstances of the above-captioned proceeding, and make these statements based upon personal knowledge.

2. These facts stated below are true and correct to the best of my knowledge acquired in my capacity as the Territory Manager – Northeast Florida.

3. As the Territory Manager – Northeast Florida, I work with contractors, home builders, and installation companies regarding the use and installation of fiber cement board manufactured by James Hardie.

4. On or around September 22, 2017, I became aware that Mark Rose had sent an email to several James Hardie customers or prospective customers regarding OSHA's new silica standard. Mr. Rose is the Florida Channel Manager at Louisiana-Pacific Corporation (LP), according to Rose's September 22, 2017 email. Also, based on my personal knowledge and interaction with Mr. Rose, I know that he is the Florida Channel Manager at LP. A copy of Rose's September 22, 2017 email (hereafter the "Rose email") is attached as Exhibit 1 to this Declaration.

5. The Rose email states that "Beginning tomorrow, Saturday, September 23, 2017, OSHA regulations **prohibit the utilization of a standard circular saw for cutting fiber cement siding**. Doing so, could result in an OSHA imposed citation." (emphasis added).

6. Within days of receiving this email, I spoke with at least six James Hardie customers regarding the Rose email. Each had received the Rose email. Specifically, I recall speaking to the following individuals:

**REDACTED - ATTORNEYS' EYES ONLY**

7. In my conversations with each of these customers, I concluded that each customer was confused regarding the application of the amended OSHA rule regarding silica. Each customer referenced the Rose email and expressed the OSHA regulation prevented these customers from cutting fiber cement board with a circular saw, as stated in the Rose email.

**REDACTED - ATTORNEYS' EYES ONLY**

**REDACTED - ATTORNEYS' EYES ONLY**

11. I attended a lunch and learn hosted by LP. During that lunch and learn presentation, Mr. Rose again stated that customers would need "special saws" to cut fiber cement board and Mr. Rose again reiterated the false statement he made in the Rose email that the OSHA regulations provide that individuals "can't use a circular saw" to cut fiber cement board.

12. In early February 2018 and then throughout February 2018, James Hardie posted an invitation for a lunch and learn presentation on the Northeast Florida Builders Association (NEFBA) website. The lunch and learn presentation was set for March 14, 2018. The topic at the presentation was OSHA's new silica guidelines. The title of the lunch and learn was "How to Operate Safely with OSHA's New Silica Guidelines."

13. On March 8, 2018, NEFBA held a Builders & Remodelers Showcase in Jacksonville, Florida ("NEFBA Showcase"). Both LP and James Hardie were exhibitors at the NEFBA Showcase. During that Showcase, LP advertised via a sign outside its booth "THE

EASIEST WAY TO OPERATE SAFELY WITH SILICA DUST IS DON'T CREATE IT." This sign appears to recast my anticipated March 14, 2018 lunch and learn presentation entitled "How to Operate Safely with OSHA's New Silica Guidelines." Again, at the March 8 2018, NEFBA Showcase, Mr. Rose continually stated that individuals cannot use a circular saw to cut fiber cement board.

14. LP, through Mr. Rose, has begun a marketing campaign in Northeast Florida and at trade shows that states "THE EASIEST WAY TO OPERATE SAFELY WITH SILICA DUST IS DON'T CREATE IT." A copy of the marketing campaign slogan is attached as Exhibit 4. LP's representatives, including Mr. Rose, continue to represent that OSHA regulations prevent the usage of a circular saw to cut fiber cement board and further, continues to represent that the easiest way to operate safely with silica dust is not create it.

15. Because of LP's false and misleading representations regarding the inability to use a circular saw to cut the fiber cement boards and that easiest way to operate with silica is not create it, , James Hardie's customers that I have interacted with have been confused and misled regarding the actual OSHA standards that are applicable. Further, through this confusion, James Hardie customers have actually initiated the process to terminate their relationship with James Hardie directly because of the Rose email.

16. LP's false and misleading representations regarding the usage of a circular saw and that easiest way to operate with silica dust is not create it, is ongoing as its representatives continue to reiterate these positions at trade shows in the Northeast Florida territory and through direct customer interactions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of July 2018.

_____
Adam King
Territory Manager – Northeast Florida
James Hardie Building Products

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of July 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail, postage prepaid, and/or hand delivery. Parties may access this filing through the Court's electronic filing system.

Samuel F. Miller
Nicholas R. Valenti
Miller Legal Partners PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com

Brian T. Boyd
William M. Leech III
Law Office of Brian T. Boyd
750 Old Hickory Boulevard
Building 2, Suite 150
Brentwood, Tennessee 37027
Email: brian@boydlegal.com
will@boydlegal.com

/s/ Maia T. Woodhouse
Maia T. Woodhouse