IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>JAMES HARDIE BUILDING )<br>PRODUCTS INC., )<br>)<br>Defendant/Counter-Plaintiff/Third- )<br>Party Plaintiff, )<br>)<br>v. )<br>)<br>THE KRUSE BROTHERS, INC., )<br>)<br>Third-Party Defendant. ) | CIVIL ACTION NO. 3:18-cv-00447<br><br>DISTRICT JUDGE JON P. McCALLA<br><br>JURY DEMAND |

## MOTION FOR LEAVE TO REDACT AND FILE UNDER SEAL

Pursuant to Rules 5.2 and 26 of the Federal Rules of Civil Procedure, and Section 5.07 of the Amended Practices and Procedures for Electronic Case Filing (Administrative Order 167-1), and paragraph 17 of the Stipulated Protective Order entered by the Court (ECF No. 54), James Hardie Building Products Inc. ("JHBP") respectfully moves the Court for leave to file under seal certain documents, specified below, that JHBP has filed in support of its motion for preliminary injunction against Louisiana-Pacific Corporation ("LP") and the Kruse Brothers, Inc.

A party seeking to file a document under seal must provide "compelling reasons" and "demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. App'x 202, 207-08 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir.

1

2016)). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). While the public's right to access court documents is paramount, *see, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-81 (6th Cir. 1983), it is not without limits. Content-based exceptions to the public's right of access can be made to protect, inter alia, trade secrets and the privacy rights of litigants or third parties. *Id.* at 1179.

Courts will also seal documents that contain (i) business information that gives a party the opportunity to obtain an advantage over competitors who do not know or use it, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 U.S. Dist. LEXIS 64259, at *17 (E.D. Mich. Apr. 17, 2018) , (ii) business information that, if disseminated, might harm a party's competitive standing, *id.*, (iii) a party's financial records that, if disclosed, would give competitors extensive insight into its financial status, *Russell v. CSK Auto, Inc.*, 2017 U.S. Dist. LEXIS 67873, at *7 (E.D. Mich. May 4, 2017) , and (iv) a party's confidential information—*e.g.*, "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy"—that, if disclosed, would give competitors an "inside look" into its business strategies. market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy. *The Proctor & Gamble Co. v. Ranir, LLC*, 2017 U.S. Dist. LEXIS 131141, at *6-8 (S.D. Ohio Aug. 17, 2017).

This Motion is made on the grounds that the Motion, Memorandum, and Declarations filed in support of JHBP's Motion for Preliminary Injunction refer to or attach as exhibits

sensitive, proprietary, and confidential business and commercial information that JHBP has designated as ATTORNEYS' EYES ONLY under the Stipulated Protective Order. In addition, JHBP's Memorandum refers to and attaches a document produced by LP and designated as "CONFIDENTIAL INFORMATION" under the Stipulated Protective Order.

JHBP respectfully requests that the following documents be filed under seal:

1. The Declaration of Marcus Kuizenga: compelling reasons exists to grant leave to file this declaration under seal, as it refers to and contains JHBP's sensitive, proprietary, and/or confidential business and commercial information that JHBP designates as ATTORNEYS' EYES ONLY under the Stipulated Protective Order.

2. Exhibit 3 to the Declaration of Marcus Kuizenga: this exhibit is comprised of a document produced by LP and designated as CONFIDENTIAL INFORMATION under the Stipulated Protective Order. JHBP does not take a position on whether the documents should be so designated. JHBP simply gives notice that LP has so designated the documents and, out of professional courtesy and pursuant to paragraph 17 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

3. The Declaration of Adam King and Exhibits 1, 2, and 3 attached thereto: compelling reasons exists to grant leave to file this declaration under seal, as this declaration and referenced exhibits contain JHBP's sensitive, proprietary, and/or confidential business and commercial information, including customer information, that JHBP designates as ATTORNEYS' EYES ONLY under the Stipulated Protective Order.

4. Those portions of the Motion and Memorandum in support of JHBP's Motion for Preliminary Injunction against Counter-Defendants that reference the foregoing documents or information.

A copy of the proposed sealed Motion, Memorandum, Declaration of Marcus Kuizenga and Exhibit 3 thereto, and Declaration of Adam King and Exhibits 1, 2, and 3 thereto, will be filed contemporaneously herewith under seal. A redacted version of the Memorandum, Declaration of Marcus Kuizenga and Exhibit 3 thereto, and Declaration of Adam King and Exhibits 1, 2, and 3 thereto will be filed contemporaneously herewith.

WHEREFORE, JHBP respectfully requests that the Court enter an Order granting its Motion for Leave to Redact and File Under Seal and to grant Plaintiff any other relief that the Court deems just and proper.

Respectfully submitted,

ADAMS AND REESE LLP

/Rocklan W. King III
Thomas Anthony Swafford, TN BPR No. 017578
Maia T. Woodhouse, TN BPR No. 030438
Rocklan W. King III, TN BPR No. 030643
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com
　　　　maia.woodhouse@arlaw.com
　　　　rocky.king@arlaw.com

*Counsel for James Hardie Building Products, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of July 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    Samuel F. Miller
    Nicholas R. Valenti
    Miller Legal Partners PLLC
    Fifth Third Center – Suite 2000
    424 Church Street
    Nashville, Tennessee 37219
    Email: smiller@millerlegalpartners.com
           nvalenti@millerlegalpartners.com

    Brian T. Boyd
    William M. Leech, III
    LAW OFFICE OF BRIAN T. BOYD
    750 Old Hickory Blvd., Bldg. 2, Ste. 150
    Brentwood, TN 37027
    Email: brian@boydlegal.co
           will@boydlegal.co

                                                <u>Rocklan W. King III</u>
                                                Rocklan W. King III