# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **LOUISIANA-PACIFIC CORPORATION,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:18-cv-00447** |
| | ) | |
| **JAMES HARDIE BUILDING** | ) | **DISTRICT JUDGE JON P. McCALLA** |
| **PRODUCTS INC.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant/Counter-Plaintiff/Third-** | ) | |
| **Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE KRUSE BROTHERS, INC.,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

---

## MOTION FOR LEAVE TO FILE UNDER SEAL
---

Pursuant to Rules 5.2 and 26 of the Federal Rules of Civil Procedure, and Section 5.07 of the Amended Practices and Procedures for Electronic Case Filing (Administrative Order 167-1), and paragraph 17 of the Stipulated Protective Order entered by the Court (ECF No. 54), James Hardie Building Products Inc. ("JHBP") respectfully moves the Court for leave to file under seal certain documents, specified below, that JHBP has filed in connection with its Response in Opposition to Louisiana-Pacific Corporation's ("LP") Motion for Preliminary Injunction.

A party seeking to file a document under seal must provide "compelling reasons" and "demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. App'x 202, 207-08 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir.

1

2016)).  Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).  While the public's right to access court documents is paramount, *see, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-81 (6th Cir. 1983), it is not without limits.  Content-based exceptions to the public's right of access can be made to protect, inter alia, trade secrets and the privacy rights of litigants or third parties. *Id.* at 1179.

Courts will also seal documents that contain (i) business information that gives a party the opportunity to obtain an advantage over competitors who do not know or use it, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 U.S. Dist. LEXIS 64259, at *17 (E.D. Mich. Apr. 17, 2018) , (ii) business information that, if disseminated, might harm a party's competitive standing, *id.*, (iii) a party's financial records that, if disclosed, would give competitors extensive insight into its financial status, *Russell v. CSK Auto, Inc.*, 2017 U.S. Dist. LEXIS 67873, at *7 (E.D. Mich. May 4, 2017) , and (iv) a party's confidential information—*e.g.*, "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy"—that, if disclosed, would give competitors an "inside look" into its business strategies. market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy. *The Proctor & Gamble Co. v. Ranir, LLC*, 2017 U.S. Dist. LEXIS 131141, at *6-8 (S.D. Ohio Aug. 17, 2017).

This Motion is made on the grounds that the Response and Declarations filed in opposition to LP's Motion for Preliminary Injunction refer to or attach as exhibits information

2

and documents that the parties have designated as "CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order.

JHBP respectfully requests that the following documents be filed under seal:

1.      Select pages from the deposition transcript of Trinh Le as 30(b)(6) corporate representative of LP: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations.  The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order.  The 30 day period to make designations has not yet expired.  JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p. 4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

2.      Select pages from the deposition transcript of Lance Olson individually and as 30(b)(6) corporate representative of LP: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations.  The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order.  The 30 day period to make designations has not yet expired.  JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p.

3

4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

3.      Select pages from the deposition transcript of Marcus Kuizenga as 30(b)(6) corporate representative of JHBP: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations.  The deposition also refers to and attaches as exhibits documents that have been designed as "CONFIDENTIAL INFORMATION." "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY," or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order.  The 30 day period to make designations has not yet expired.

4.      The Declaration of Tom Mahony and Exhibit 2 attached thereto: compelling reasons exist to grant leave to file this declaration under seal, as this declaration and referenced exhibit contain JHBP's sensitive, proprietary, and/or confidential business and commercial information, including customer information, that JHBP has designated as CONFIDENTIAL ATTORNEYS' EYES ONLY under the Stipulated Protective Order.

5.      The Declaration of Chris Southall and Exhibit 1: compelling reasons exist to grant leave to file this declaration under seal, as this declaration and referenced exhibit contain JHBP's sensitive, proprietary, and/or confidential business and commercial information, including customer information.

6.      The Declaration of Maia T. Woodhouse and Exhibits 2, 4, and 5 thereto: compelling reasons exist to grant leave to file this declaration under seal, as this declaration and referenced exhibits have been designated by LP as "CONFIDENTIAL INFORMATION." "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY," or "CONFIDENTIAL

4

INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to paragraph 17 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

7. Those portions of the Response in Opposition to LP's Motion for Preliminary Injunction that reference the foregoing documents or information.

A copy of the proposed sealed Response, select pages from the Deposition Transcript of Trinh Le, select pages from the Deposition Transcript of Lance Olson, select pages from the Deposition Transcript of Marcus Kuizenga, Declaration of Tom Mahony, Declaration of Chris Southall, and Declaration of Maia T. Woodhouse and Exhibits 2, 3, 4, and 5 thereto, will be filed contemporaneously herewith under seal.

WHEREFORE, JHBP respectfully requests that the Court enter an Order granting its Motion for Leave to File Under Seal and awarding JHBP any other and further relief that the Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ Maia T. Woodhouse
Thomas Anthony Swafford, TN BPR No. 017578
Maia T. Woodhouse, TN BPR No. 030438
Rocklan W. King III, TN BPR No. 030643
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com
        maia.woodhouse@arlaw.com
        rocky.king@arlaw.com

*Counsel for James Hardie Building Products, Inc.*

5

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of July 2018, the foregoing was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

Samuel F. Miller
Nicholas R. Valenti
Miller Legal Partners PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Email: smiller@millerlegalpartners.com
      nvalenti@millerlegalpartners.com

Brian T. Boyd
William M. Leech, III
LAW OFFICE OF BRIAN T. BOYD
750 Old Hickory Blvd., Bldg. 2, Ste. 150
Brentwood, TN 37027
Email:  brian@boydlegal.co
      will@boydlegal.co

/s/ Maia T. Woodhouse
Maia T. Woodhouse