IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:18-cv-00447 |
| ) | |
| JAMES HARDIE BUILDING PRODUCTS, ) | JUDGE MCCALLA |
| INC., ) | MAGISTRATE JUDGE HOLMES |
| ) | JURY DEMAND |
|     Defendant/Counter-Plaintiff/ ) | |
|     Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE KRUSE BROTHERS, INC., ) | |
| ) | |
|     Third-Party Defendant. ) | |

**AMENDED[1] MOTION TO CONTINUE HEARING UNTIL OCTOBER 1 AND
ADOPT KRUSE BROTHERS' BRIEFING SCHEDULE**

COMES NOW, Third-Party Defendant The Kruse Brothers, Inc. ("Kruse"), by and through counsel, and hereby files this Motion to Continue Hearing Until October 1, 2018 and Adopt Kruse Brothers' Scheduling Order. On July 12, 2018, James Hardie Building Products, Inc. ("Hardie") moved for a preliminary injunction against Kruse and Louisiana-Pacific Corporation ("LP") [D.E. 58]. These parties are currently preparing for an intensive two-day hearing on LP's Motion for Preliminary Injunction and have been engaged in expedited discovery relating to the same. Upon receipt and review of Hardie's Motion for Preliminary Injunction, counsel for Kruse noted areas where limited expedited discovery must follow to ensure that Kruse can adequately defend against

---

[1] This Amended Motion to Continue Hearing Until October 1 and Adopt Kruse Brothers' Briefing Schedule is being filed to correct inadvertent typographical errors contained within the first filing of same [D.E. 139].

the preliminary injunction. Kruse has not yet had the opportunity to engage in meaningful discovery and should be allowed to conduct discovery in defense against the Motion for Preliminary Injunction. Most importantly, counsel for Kruse advised all parties that he is currently scheduled for a five (5)-day jury duty that will limit his availability for the month of August.

For cause, Kruse would state and show unto the Court that it should move the hearing deadline and adopt Kruse's Proposed Scheduling Order because:

1. At the status conference held on July 23, 2018, this Court set the hearing on Hardie's Motion for Preliminary Injunction for September 17-18, 2018, and directed the parties to confer regarding establishing a briefing schedule.

2. Counsel for Kruse, Brian T. Boyd, informed the Court and all parties that he has a federal jury trial set in the Western District of Texas beginning on August 20, 2018 and scheduled to conclude on August 24, 2018. Mr. Boyd further advised the Court and all parties that beginning as of August 6, 2018, Mr. Boyd would be effectively out of the office for trial preparation and pre-trial hearing(s). U.S. District Judge Alia Moses, who is presiding over his trial, requires that each party personally attend any and all conferences and does not allow for telephonic hearings. Thus, the personal attendance of Mr. Boyd is required at all conferences and hearings.

3. This Court was hopeful that the parties could work these matters out themselves.

4. On July 26, 2018, during the Fed. R. Civ. P. 26(f) conference, the proposed briefing schedules were discussed. Hardie has proposed an unreasonable timeline in light of the foregoing and refuses to accommodate counsel for Kruse. Specifically, Hardie proposes:

    a. Closing the window to take the depositions of fact witnesses on **August 31, 2018**.

b.  Closing the window for submitting written discovery to the parties on **August 20, 2018**. Counsel for Kruse will also need to respond to written discovery requests within fourteen (14) days of receipt, while trying the Texas case.

c.  Requiring Kruse to file its written response to Hardie's Motion for Preliminary Injunction on or before **September 4, 2018**.

d.  Eliminating the opportunity for Kruse to engage in meaningful discovery by requiring that "The parties may take no more than three expedited depositions per side without prior leave of the Court in connection with the pending Motion for Preliminary Injunction. For purposes of that calculation, Plaintiff and Third-Party Defendant together constitute one side." (*See* Hardie's Proposed Scheduling Order, D.E. 118.)

5. These deadlines and limitations are patently unreasonable. Hardie allows for a tighter briefing schedule for their Motion, which contains claims against an additional party, than was allowed for a motion that initially only concerned two parties.

6. It is further unreasonable to restrict Kruse's ability to engage in discovery by limiting the depositions that it and LP may take. While LP and Kruse certainly have a common interest, Kruse and LP have differing discovery needs. Hardie decided to name Kruse as a third-party defendant, and the third party must be afforded the opportunity to conduct discovery as it sees fit to defend against a motion which, if granted, could terminate a lucrative contract of which it is a beneficiary. Even though the discovery in this matter is "expedited" and "limited," each party should be afforded an opportunity to prepare and defend its case. To grant Hardie's request to limit discovery in the manner it proposes, would severely prejudice Kruse's ability to prepare for

and defend itself against Hardie's motion. Kruse's request is reasonable considering its stakes in the outcome of Hardie's Motion.

For the foregoing reasons, Kruse respectfully requests this Court enter an order moving the hearing of this matter to October 1, 2018, and adopting the Proposed Briefing Schedule attached hereto as Amended[2] Exhibit A.

Respectfully submitted,

*/s/ William M. Leech, III*
Brian T. Boyd (#023521)
William M. Leech, III (#30515)
**LAW OFFICE OF BRIAN T. BOYD**
750 Old Hickory Blvd., Bldg. 2, Ste. 150
Brentwood, TN 37027
(615) 861-1936; Facsimile (615) 523-2595
brian@boydlegal.co; will@boydlegal.co
*Counsel for Third-Party Defendant*

---

[2] This Amended Exhibit A is being filed to correct inadvertent typographical errors contained within the first filing of same [D.E. 139-1].

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July 2018, a copy of the foregoing was served via Court's electronic notice system:

| | |
|---|---|
| Thomas Anthony Swafford<br>Maia T. Woodhouse<br>Rocklan W. King III<br>ADAMS AND REESE LLP<br>Fifth Third Center — Suite 2700<br>424 Church Street<br>Nashville, Tennessee 37219<br>tony.swafford@arlaw.com<br>maia.woodhouse@arlaw.com<br>rocky.king@arlaw.com<br>*Counsel for James Hardie Building Products, Inc.* | Samuel F. Miller<br>Nicholas R. Valenti<br>Steven A. Wolfe<br>A. Grace Van Dyke<br>MILLER LEGAL PARTNERS, PLLC<br>Fifth Third Center — Suite 2000<br>424 Church Street<br>Nashville, Tennessee 37129<br>smiller@millerlegalpartners.com<br>nvalenti@millerlegalpartners.com<br>swolfe@millerlegalpartners.com<br>gjames@millerlegalpartners.com<br>*Counsel for Plaintiff, Louisiana-Pacific Corporation* |
| Adam Frazer Massey<br>ADAMS AND REESE, LLP<br>1221 McKinney Street, Suite 4400<br>Houston, TX 77010-2023<br>adam.massey@arlaw.com<br>*Counsel for James Hardie Building Products, Inc.* | Tara L. Swafford<br>THE SWAFFORD LAW FIRM, PLLC<br>207 Third Avenue North<br>Franklin, TN 37064<br>tara@swaffordlawfirm.com<br>*Counsel for James Hardie Building Products, Inc.* |

*/s/ William M. Leech, III*
William M. Leech, III