IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, | ) |
|     Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:18-cv-00447 |
| JAMES HARDIE BUILDING PRODUCTS INC., | ) ) DISTRICT JUDGE JON P. McCALLA ) MAGISTRATE JUDGE BARBARA D. ) HOLMES |
|     Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) ) JURY DEMAND ) |
| v. | ) ) |
| THE KRUSE BROTHERS, INC., | ) ) |
|     Third-Party Defendant. | ) |

### JAMES HARDIE BUILDING PRODUCTS INC.'S AMENDED MOTION FOR PRELIMINARY INJUNCTION AGAINST LOUISIANA-PACIFIC CORPORATION AND THE KRUSE BROTHERS, INC.

COMES NOW Defendant/Counter-Plaintiff/Third-Party Plaintiff James Hardie Building Products Inc. ("JHBP"), and respectfully submits this Amended Motion for Preliminary Injunction for the sole purpose of amending its original Motion (ECF No. 58; filed under seal as ECF No. 65) to better clarify the scope of its Motion − specifically, to clarify and reduce the relief requested as set forth in this Amended Motion. This Amended Motion supersedes the relief requested in the prior Motion.

In support of this Amended Motion, JHBP relies on a contemporaneously submitted amended Memorandum of Law in Support; Declaration of Marcus Kuizenga and exhibits thereto (ECF No. 60; filed under seal as ECF No. 65-6, 65-7); Declaration of Delwyn Kubeldis, CIH, CSP, ARM and exhibits thereto (ECF No. 61); Declaration of Adam King and exhibits thereto

(ECF No. 62; filed under seal as ECF No. 65-2, 65-3, 65-4; 65-5); and Declaration of Addison Garner and exhibits thereto (ECF No. 63). JHBP respectfully submits that the amendments made herein should not affect the hearing date on the original Motion because the amendments narrow the injunctive relief requested. Moreover, Counter-Defendants have not yet filed any response and a briefing schedule has not yet been entered.

Pursuant to Fed. R. Civ. P. 65, JHBP respectfully moves the Court to enter a preliminary injunction against Counter-Defendant Louisiana-Pacific Corporation ("LP") and Third-Party Defendant The Kruse Brothers, Inc. ("Kruse") (collectively, "Counter-Defendants"), and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, to enjoin them from making certain false and misleading statements that misrepresent the nature, characteristics, and quality of JHBP's Fiber Cement Products. Though JHBP seeks relief from several false and misleading statements in its Answer, Counterclaims, and Third-Party Complaint against Counter-Defendants (ECF No. 28) (the "Counterclaims") and expressly reserves the right to pursue those claims as this litigation progresses, JHBP seeks preliminary injunctive relief only with regard to specific categories of statements that are particularly damaging to JHBP and the greater public interest. Specifically, Counter-Defendants have made literally false and deceptively misleading representations of fact that:

1. The OSHA silica standard, 29 CFR § 1926.1153 *et seq.* ("OSHA Standard") "prohibits" certain equipment, dust control methods, or work practices when working with fiber cement products, including, but not limited to, the use of a standard circular saw when cutting fiber cement siding products;

2. The OSHA Standard "requires" that certain equipment, dust control methods, or work practices be implemented when working with fiber cement products, including, but not limited to, "special saws;" respirators; caution tape; and warnings to neighbors that a "potentially dangerous material" is being installed;

3. Continued use of fiber cement products will subject consumers to safety citations and risks under the OSHA Standard, including but not limited to, that OSHA is "cracking down on the Silica dust created from cutting James Hardie Fiber Cement Siding;" that OSHA has issued a significant number (100+) citations against siding contractors since enforcement of the OSHA Standard commenced; and that siding contractors are at high risk of being fined by OSHA for violations of the OSHA Standard; and

4. In light of the alleged "requirements" and "prohibitions" under the OSHA Standard, and the alleged citations issued against siding contractors in the enforcement of the OSHA Standard, that JHBP's fiber cement products or fiber cement products generally are unsafe to install.

Such statements constitute false advertising and unfair competition under the Lanham Act, 15 U.S.C § 1125; violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; and unfair competition and tortious interference with business relationships under Tennessee law.

This is not a case of two competitors engaging in a hard-fought, but fair, comparative advertising campaign in the marketplace. These are not truthful statements directed to demonstrated weaknesses of a competitor's product. These are intentional misrepresentations of the text of the OSHA Standard, made with knowledge that the relevant consumers – professional siding contractors, builders, and installers – likely are not familiar with the regulations and rely upon LP and JHBP as leading manufacturers to provide accurate information. Counter-Defendants have taken advantage of this unfamiliarity to deceive consumers, exploiting their understandable concerns about safety violations and risks in furtherance of their intentional and predatory campaign to scare consumers into switching to LP. Counter-Defendants' false and misleading statements contain serious indictments of the safety of fiber cement products, sending the unambiguous message that selection of JHBP's products is a risk-ridden purchase that will inevitably result in safety violations and fines. An injunction is necessary and appropriate to protect the public from Counter-Defendants' false and misleading statements regarding the

3

alleged safety, health, or regulatory risks associated with fiber cement siding products (including JHBP's products).

In support of this Motion, JHBP would show that all four factors considered on a motion for preliminary injunction weigh in favor of granting relief. First, JHBP has a strong likelihood of success on the merits of its claims. Counter-Defendants' statements about the purportedly "required" or "prohibited" acts are provably false based on the plain language of the OSHA Standard. Counter-Defendants' statements about the allegedly numerous OSHA citations issued to siding contractors under the new Standard are also false and misleading. Statistical data shows that, of the 209 citations issued since enforcement of the OSHA Standard began, <u>only three</u> were issued to siding contracts. Consequently, because LP's statements regarding the alleged "requirements" and "prohibitions" under the OSHA Standard and alleged citations issued against siding contractors in the enforcement of the OSHA Standard are false and misleading, the OSHA Standard does not render JHBP's products (or fiber cement products generally) unsafe to install. Such statements were introduced into interstate commerce and are material to the relevant consumer's purchasing decision. As demonstrated by the supporting declarations filed herewith, Counter-Defendants' statements do not merely tend to deceive, but have <u>actually</u> deceived JHBP's consumers, prompting at least one to seek to end its relationship with JHBP. That customer, and likely many others of which JHBP is not aware, would have been lost but for JHBP's ability to correct LP's false statements. These harms will only multiply without an injunction. There is no clearer evidence of a causal link between Counter-Defendants' statements and harm to JHBP.

Given the strength of JHBP's case, and the demonstrated actual harm that has already occurred, JHBP will continue to suffer irreparable harm to its reputation, loss of goodwill, and

4

loss of customers in the absence of an injunction. Conversely, Counter-Defendants will suffer no harm from engaging in truthful advertising and fair competition. Thus, the balance of harms weighs in favor of injunction. Finally, the public interest weighs in favor of granting an injunction. The public is served by preventing the dissemination of false and misleading advertising, particularly when safety standards and risks are implicated.

Because the balance of harms weighs heavily in JHBP's favor, JHBP respectfully requests that the Court order Counter-Defendants to issue corrective advertising to cure the harm already caused and continuing to be caused by their false and misleading statements. JHBP further respectfully requests the Court exercise its discretion and waive imposition of a bond.

WHEREFORE, JHBP respectfully requests the Court grant this Motion and enter a preliminary injunction against Counter-Defendants, as set forth below:

1. The Court set a preliminary injunction hearing at the Court's convenience, which is estimated to last approximately two days;

2. The Court permit the parties to immediately commence expedited discovery related to the claims made in JHBP's Motion for Preliminary Injunction under its Order dated June 12, 2018 (ECF No. 16);[1]

3. The Court enter a briefing schedule setting forth deadlines for Counter-Defendants to respond to this Motion; to exchange expedited discovery; to disclose fact and expert witnesses; and to permit the exchange of expert reports, if any;

4. The Court enter a preliminary injunction that Counter-Defendants, and their officers, agents, servants, employees, attorneys, and anyone in active concert or participation

---

[1] Pursuant to ¶ 5 of the Court's Order (ECF No. 16), JHBP will confer in good faith with Counter-Defendants to determine whether an agreement can be reached regarding conducting expedited discovery related to the present Motion. Should an agreement not be reached, JHBP will file a motion for expedited discovery.

with any of the foregoing, be forthwith preliminarily restrained and enjoined from stating, representing, or implying orally or in writing (including, but not limited to, email communications, print advertisements, marketing materials, websites, blogs, social media) during the pendency of this lawsuit, that:

    a.    The OSHA Standard prohibits certain equipment, dust control methods, or work practices when working with fiber cement products, including, but not limited, the use of a standard circular saw when cutting fiber cement siding products;

    b.    The OSHA Standard requires that certain equipment, dust control methods, or work practices be implemented when working with fiber cement products, including, but not limited to, "special saws;" respirators; caution tape; and warnings to neighbors that a "potentially dangerous material" is being installed;

    c.    Continued use of fiber cement products will subject consumers to safety citations and risks under the OSHA Standard, including but not limited to, statements that OSHA is "cracking down on the Silica dust created from cutting James Hardie Fiber Cement Siding;" that OSHA has issued a significant number (100+) citations against siding contractors since enforcement of the OSHA Standard commenced; and that siding contractors are at high risk of being fined by OSHA for violations of the OSHA Standard; and

    d.    In light of the alleged "requirements" and "prohibitions" under the OSHA Standard, and the alleged citations issued against siding contractors in the enforcement of the OSHA Standard, JHBP's fiber cement products or fiber cement products generally are unsafe to install.

5. The Court enter a preliminary injunction that Counter-Defendants, and their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be forthwith preliminarily restrained and enjoined from making or inducing others to make the false and/or misleading statements contained in paragraph 4 above, during the pendency of this lawsuit;

6. The Court enter a preliminary injunction that Counter-Defendants, their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of

the foregoing, be forthwith preliminarily restrained and enjoined from committing any unfair business practices directed toward obtaining the business and/or customers of JHBP through making the false and/or misleading statements contained in paragraph 4 above; and from committing any other deceptive and/or unfair business practices directed toward devaluing or diminishing the goodwill and reputation associated with JHBP through making the false and/or misleading statements contained in paragraph 4 above, during the pendency of this lawsuit;

7. The Court enter a preliminary injunction that Counter-Defendants, their officers, agents, servants, employees, attorneys, and anyone in active concert or participation with any of the foregoing, be required to issue corrective advertising for the false and/or misleading statements contained in paragraph 4 above, to reduce the effects of the literally false and/or impliedly false and/or misleading statements;

8. Upon entry of such an Order, Counter-Defendants be required to file with this Court and serve on JHBP within five (5) days after the service of the Order, a report in writing under oath, setting forth in detail the manner and form in which Counter-Defendants have complied with the Order;

9. The requirement of a bond to enforce the preliminary injunction for the pendency of this lawsuit be waived; and

10. Such other relief that the Court deems just and proper.

Respectfully submitted,

ADAMS AND REESE LLP

/s/ Maia T. Woodhouse
Thomas Anthony Swafford, TN BPR No. 017578
Maia T. Woodhouse, TN BPR No. 030438
Rocklan W. King III, TN BPR No. 030643
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com
    maia.woodhouse@arlaw.com
    rocky.king@arlaw.com

Adam F. Massey (*admitted pro hac vice*)
Adams and Reese, LLP
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Tel: (713) 308-0113
Fax: (713) 308.4053
Email: adam.massey@arlaw.com

Tara L. Swafford, TN BPR No. 017577
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Email: tara@swaffordlawfirm.com

*Counsel for James Hardie Building Products, Inc.*

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of August 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail, postage prepaid, and/or hand delivery. Parties may access this filing through the Court's electronic filing system.

    Samuel F. Miller
    Nicholas R. Valenti
    Miller Legal Partners PLLC
    Fifth Third Center – Suite 2000
    424 Church Street
    Nashville, Tennessee 37219
    Email: smiller@millerlegalpartners.com
          nvalenti@millerlegalpartners.com

    Brian T. Boyd
    William M. Leech III
    Law Office of Brian T. Boyd
    750 Old Hickory Boulevard
    Building 2, Suite 150
    Brentwood, Tennessee 37027
    Email: brian@boydlegal.com
          will@boydlegal.com

                                                /s/ Maia T. Woodhouse
                                                Maia T. Woodhouse