IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUISIANA-PACIFIC CORPORATION, ) <br> ) <br>     Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> JAMES HARDIE BUILDING ) <br> PRODUCTS INC., ) <br> ) <br>     Defendant/Counter-Plaintiff/Third- ) <br>     Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE KRUSE BROTHERS, INC., ) <br> ) <br>     Third-Party Defendant. ) | CIVIL ACTION NO. 3:18-cv-00447 <br><br> DISTRICT JUDGE JON P. McCALLA <br><br> JURY DEMAND |

---

### MOTION FOR LEAVE TO FILE UNDER SEAL
---

Pursuant to Rules 5.2 and 26 of the Federal Rules of Civil Procedure, and Section 5.07 of the Amended Practices and Procedures for Electronic Case Filing (Administrative Order 167-1), and paragraph 17 of the Stipulated Protective Order entered by the Court (ECF No. 54), James Hardie Building Products Inc. ("JHBP") respectfully moves the Court for leave to file under seal certain documents, specified below, that JHBP has filed in support of its Consolidated Reply Brief in Further Support of its Amended Motion for Preliminary Injunction ("Reply Brief") against Louisiana-Pacific Corporation ("LP") and the Kruse Brothers, Inc. ("Kruse").

A party seeking to file a document under seal must provide "compelling reasons" and "demonstrate that the sealing is narrowly tailored to those reasons—specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. App'x 202, 207-08 (6th Cir.

1

2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016)). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence … is typically enough to overcome the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). While the public's right to access court documents is paramount, *see, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-81 (6th Cir. 1983), it is not without limits. Content-based exceptions to the public's right of access can be made to protect, inter alia, trade secrets and the privacy rights of litigants or third parties. *Id.* at 1179.

Courts will also seal documents that contain (i) business information that gives a party the opportunity to obtain an advantage over competitors who do not know or use it, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 U.S. Dist. LEXIS 64259, at *17 (E.D. Mich. Apr. 17, 2018) , (ii) business information that, if disseminated, might harm a party's competitive standing, *id.*, (iii) a party's financial records that, if disclosed, would give competitors extensive insight into its financial status, *Russell v. CSK Auto, Inc.*, 2017 U.S. Dist. LEXIS 67873, at *7 (E.D. Mich. May 4, 2017) , and (iv) a party's confidential information—*e.g.*, "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy"—that, if disclosed, would give competitors an "inside look" into its business strategies. market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy. *The Proctor & Gamble Co. v. Ranir, LLC*, 2017 U.S. Dist. LEXIS 131141, at *6-8 (S.D. Ohio Aug. 17, 2017).

This Motion is made on the grounds that JHBP's Reply Brief and Declarations filed in further support of JHBP's Amended Motion for Preliminary Injunction refer to or attach as exhibits information and documents that the parties have designated as "CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. JHBP's Reply Brief also refers to and attaches deposition transcripts, which are subject to certain time periods in which the parties may submit confidentiality designations under the Stipulated Protective Order.

JHBP respectfully requests that the following documents be filed under seal:

1. Select pages from the deposition transcript of Lane Williams as 30(b)(6) corporate representative of LP: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired. JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p. 4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

2. Select pages from the deposition transcript of Mark Rose, individually and as 30(b)(6) corporate representative of LP: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits

documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired. JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p. 4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

3. Select pages from the deposition transcript of Randy Kruse as 30(b)(6) corporate representative of The Kruse Brothers, Inc.: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired. JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p. 4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

4. Select pages from the deposition transcript of Angie Kieta: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired. JHBP does not take a position on whether the deposition transcript should be so designated and, out of professional courtesy and pursuant to p. 4 of the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

5. Select pages from the deposition transcript of Adam King: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired.

6. Select pages from the deposition transcript of Addison Garner: compelling reasons exist to grant leave to file the deposition transcript under seal, as, under the Stipulated Protective Order, the parties have 30 days to make confidentiality designations. The deposition also refers to and attaches as exhibits documents that have been designed as CONFIDENTIAL INFORMATION" and "CONFIDENTIAL INFORMATION -ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION – IN-HOUSE COUNSEL" under the Stipulated Protective Order. The 30 day period to make designations has not yet expired.

7. The Declaration of Maia T. Woodhouse and exhibits thereto: compelling reasons exist to grant leave to file this declaration under seal, as this declaration attaches as exhibits documents that LP has designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the Stipulated Protective Order. JHBP does not take a position on whether the

documents should be so designated and, out of professional courtesy and pursuant to the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

8. The Declaration of Tara L. Swafford and exhibits thereto: compelling reasons exist to grant leave to file this declaration under seal, as this declaration and referenced exhibits contain information that LP has designated as "highly confidential." JHBP does not take a position on whether the documents should be so designated and, out of professional courtesy and pursuant to the Stipulated Protective Order, respectfully moves the Court to file the document under seal.

9. Those portions of the Reply Brief that reference the foregoing documents or information.

A copy of the proposed sealed Reply Brief, select pages from the Deposition Transcript of Lane Williams, select pages from the Deposition Transcript of Randy Kruse, select pages from the Deposition Transcript of Angie Kieta, select pages from the Deposition Transcript of Mark Rose, select pages from the Deposition Transcript of Adam King, select pages from the Deposition Transcript of Addison Garner, Declaration of Maia T. Woodhouse and exhibits thereto, and Declaration of Tara L. Swafford and exhibits thereto, will be filed contemporaneously herewith under seal. Once confidentiality designations have been made in accordance with the Stipulated Protective Order, JHBP shall file redacted transcripts as appropriate.

WHEREFORE, JHBP respectfully requests that the Court enter an Order granting its Motion for Leave to File Under Seal and to grant JHBP any other relief that the Court deems just and proper.

Respectfully submitted,

ADAMS AND REESE LLP

/s/ Maia T. Woodhouse
Thomas Anthony Swafford, TN BPR No. 017578
Maia T. Woodhouse, TN BPR No. 030438
Rocklan W. King III, TN BPR No. 030643
Fifth Third Center
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 259-1450
Fax: (615) 259-1470
Email: tony.swafford@arlaw.com
      maia.woodhouse@arlaw.com
      rocky.king@arlaw.com

Adam F. Massey (*admitted pro hac vice*)
Adams and Reese, LLP
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Tel: (713) 308-0113
Fax: (713) 308.4053
Email: adam.massey@arlaw.com

Tara L. Swafford, TN BPR No. 017577
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Email: tara@swaffordlawfirm.com

*Counsel for James Hardie Building Products Inc.*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of September 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail, postage prepaid, and/or hand delivery. Parties may access this filing through the Court's electronic filing system.

    Samuel F. Miller
    Nicholas R. Valenti
    A. Grace James
    Miller Legal Partners PLLC
    Fifth Third Center – Suite 2000
    424 Church Street
    Nashville, Tennessee 37219
    Email: smiller@millerlegalpartners.com
           nvalenti@millerlegalpartners.com
           gjames@millerlegalpartners.com

    Brian T. Boyd
    William M. Leech III
    Law Office of Brian T. Boyd
    750 Old Hickory Boulevard
    Building 2, Suite 150
    Brentwood, Tennessee 37027
    Email: brian@boydlegal.com
           will@boydlegal.com

                                                /s/ Maia T. Woodhouse
                                                Maia T. Woodhouse